IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. CCB-15-0544 |
| | * | |
| WILLIAM H. STEINHAUS IV, | * | |
| | * | |
| Defendant | * | |
| | * | |
| | * | |
| | * | |

******

## AGREEMENT AS TO PRIMARY JURISDICTION OVER DEFENDANT
## FOR PURPOSE OF DETERMINING INITIAL PLACE OF INCARCERATION

The United States of America and the State's Attorney for Frederick County, Maryland, by their respective undersigned counsel, agree as follows:

1.      Defendant William H. Steinhaus IV was arrested on December 9, 2014, and charged in the District Court for Frederick County with a number of child pornography and sex offenses. Steinhaus was ordered committed in the Frederick County court has remained in the custody of Frederick County since his arrest. On April 6, 2015, the Defendant was indicted in the Circuit Court for Frederick County on related charges in case number 10K15056367.

2.      On October 15, 2015, an indictment was returned in this district charging the defendant with two counts of Sexual Exploitation of a Child and four counts of Distribution of Child Pornography. The federal charges are founded upon the same conduct that forms the basis of the Frederick County charges.

3.      On October 30, 2015, the Defendant appeared in the United States District Court for the District of Maryland, pursuant to a writ of *habeas corpus*, for his initial appearance and

arraignment. The Defendant entered pleas of not guilty to all of the federal charges, and was ordered detained pending trial by United States Magistrate Judge Stephanie A. Gallagher. After the hearing, the Defendant was returned to the custody of Frederick County where he has been since that time.

4.    On December 6, 2016, the Defendant appeared in the United States District Court, pursuant to a writ of *habeas corpus*, entered pleas of guilty to Counts One and Two of the federal indictment. The Defendant was returned to the Frederick County Detention Center, and sentencing in the federal case is scheduled for February 24, 2017.

5.    On December 8, 2016, the Defendant entered a plea of guilty in the state case. Sentencing in the state case is scheduled for March 21, 2017.

6.    Following his guilty plea, the Defendant was ordered released pending sentencing in the state case, and was taken into custody of the United States Marshals Service pursuant to the federal arrest warrant and detainer.

7.    In order to effectuate a plea agreement that will permit the federal case to be resolved, and to resolve the state case as well, it is necessary to resolve the question of whether the federal or state authorities currently have primary jurisdiction over the defendant. "Determination of priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns. Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration." *Shumate v. United States*, 893 F. Supp. 137, 141 (N.D.N.Y. 1995). However, primary jurisdiction may be waived in one of four ways – (1) through release on bail, (2) by dismissal of the charges, (3) by granting parole, or (4) pursuant to an agreement whereby the

sovereign with primary jurisdiction elects to relinquish it to the other sovereign under the doctrine of comity. *Ponzi v.* Fessenden, 258 U.S. 254, (1922); *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *United States v. Warren*, 610 F.2d 680, 684 (9th Cir. 1980); *Gonzalez*, 1998 WL 691080, at *2; *Shumate*, 839 F. Supp. at 142. A sovereign's discretionary decision to relinquish primary jurisdiction is an executive, not a judicial, function. *Warren*, 610 F.2d at 684; *Shumate*, 893 F. Supp. at 141.

8.     Where the state has primary jurisdiction over a defendant who is facing both state and federal sentences, the defendant must remain in state custody until the state sentence has been fully served, at which point he will be taken into federal custody to serve the remainder of his sentence. *United States v. Gonzalez*, 1998 WL 691080, at *2; *United States v. Liberatore*, 574 F.2d 78, 89 (2d Cir. 1978). This is true regardless of whether the federal sentence is imposed first. *Shumate*, 893 F. Supp. at 139 ("the sentence of the sovereign which has primary jurisdiction is served first").

9.     In this case, the Defendant was arrested first by the state authorities, but was then released on a recognizance bond, whereby the state government relinquished its primary jurisdiction over him. He was then subsequently taken into custody by the federal authorities. *See also United States v. Vann*, 207 F. Supp. 108, 111 (E.D.N.Y. 1962) ("The controlling factor in determining the power to proceed as between two contesting sovereigns is the actual physical custody of the accused.").

10.     The undersigned parties agree that because the state and federal charges arise from the same pattern of conduct, it makes sense that the federal charges should be resolved first, and any sentence arising out of the federal charges served first. This would also permit all or part of

any sentence imposed in the state case to be run concurrently with the federal sentence, should the Circuit Court for Frederick County order a concurrent sentence.

11.	Accordingly, after full discussion of this matter, the State of Maryland, by and through the State's Attorney's Office for Frederick County, hereby relinquishes its priority of jurisdiction in the person of Defendant Steinhaus to the United States of America.

12.	For purposes of determination of the initial place of incarceration, the United States of America, by and through the United States Attorney for the District of Maryland, hereby accepts primary jurisdiction over Defendant Steinhaus from the State of Maryland.

13.	As a result of the foregoing, it is the intent of all the parties hereto that the initial place of incarceration of Defendant Steinhaus, regarding the sentences which may be imposed in his federal and state cases, be served at a facility of the United States Bureau of Prisons. Any remaining time to be served on the state sentence would then be served at a state facility after the conclusion of the federal sentence.

14.	The Agreement of the parties hereto is evidenced below by the signature of said party, or their designated representative, and on the date so indicated.

**AGREED:**

___1/9/17___
DATE

Tammy Leache
Assistant State's Attorney
Frederick County State's Attorney's Office

___1/9/17___
DATE

Zachary A. Myers
Judson T. Mihok
Assistant United States Attorney
United States Attorney's Office
for the District of Maryland